# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO MCKENZIE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. BANUELOS, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01258-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT COMPLAINT WITH SUPPORTING DOCUMENTS, (2) STRIKING SUPPORTING DOCUMENTS, and (3) GRANTING LEAVE TO FILE AMENDED PLEADING**<br><br>**(ECF No. 7)**<br><br>**THIRTY DAY DEADLINE** |

　　　　Plaintiff Gustavo McKenzie is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed August 12, 2013 pursuant to 42 U.S.C. § 1983. The complaint has not been screened.

　　　　On September 3, 2013, Plaintiff filed documents in support of his complaint.[1] (ECF No. 7.)

　　　　Plaintiff may not supplement a complaint in this manner. An amended pleading must be complete within itself without reference to another pleading; partial amendments are not permissible. Local Rule 220. Plaintiff's supplemental documents do not constitute a

---

[1] I.e., Supporting Documents D1 through F8.

1

1  complete pleading in and of themselves. They are dependent upon the underlying pleading
2  for context and meaning.

3  Additionally, Plaintiff has been advised that the Court will not serve as a repository
4  for evidence and that he need not attach exhibits to his complaint. (ECF No. 4 at ¶ J.) "For
5  Court screening purposes, facts stated in the complaint are accepted as true." (Id.)

6  Plaintiff's proffered supporting documents (ECF No. 7) are unauthorized and shall
7  be stricken. Fed. R. Civ. P. 12(f); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-
8  05 (9th Cir. 2010) (courts have the inherent power to control their docket and in the
9  exercise of that power, they may properly strike documents). If Plaintiff wishes to file a first
10 amended complaint, he may do so within thirty days following service of this order. If he
11 does so, he must file a pleading that is complete in and of itself, containing "a short and
12 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.
13 P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
14 elements of a cause of action, supported by mere conclusory statements, do not suffice."
15 Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing Bell
16 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

17 Should Plaintiff fail to file a first amended complaint within this thirty day period, the
18 Court will assume he wishes to proceed on the underlying complaint.

19 Accordingly, for the reasons state above, it is HEREBY ORDERED THAT:

20 1.  Plaintiff's September 3, 2013 request to file supporting documents (ECF No.
21     7) is DENIED and the supporting documents (ECF No. 7) shall be stricken
22     from the record; and

23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

2. Plaintiff is GRANTED leave to file a first amended complaint by not later than thirty (30) days following service of this order, in the absence of a timely filed first amended complaint, this matter will proceed on the underlying complaint.

IT IS SO ORDERED.

Dated:   September 13, 2013          /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE