1

2

3

4

5

<u>6</u>

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| | |
|---|---|
| GUSTAVO MCKENZIE, | CASE NO. 1:13-cv-01258-MJS |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM |
| v. | |
| E.BANUELOS, et al., | (ECF NO. 9.) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

19

**SCREENING ORDER**

20

**I.    PROCEDURAL HISTORY**

21

22

23

        Plaintiff Gustavo McKenzie is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 5.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

24

25

26

27

        On August 12, 2013, Plaintiff filed his complaint.  (ECF No. 1.)  On September 16, 2013, without having screened the complaint, the Court granted Plaintiff leave to file an amended complaint.   (ECF No. 8.)   Plaintiff filed his First Amended Complaint on October 7, 2013.  (ECF No. 9.)  It is now before the Court for screening.

28

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF COMPLAINT

Plaintiff identifies correctional officers: E. Banuelos, L. Gallardo, G. Stoll, D.B. Hernandez, and Mr. Charlet; and Appeals Coordinators: S. Harrison, N. Parra, and Karen Cribbs as defendants.  Plaintiff alleges that Defendants Banuelos, Gallardo, Stoll, Hernandez, and Charlet deprived him of his property without due process and Defendants Banuelos, Hernandez, Harrison, Parra and Cribbs retaliated against him for filing grievances.

Plaintiff's allegations can be summarized essentially as follows:

In April 2012, Plaintiff was transferred from California State Prison – Los Angeles County ("CSP-LAC") to the Segregated Housing Unit at California State Prison – Corcoran ("CSP-Corcoran").  Once at CSP-Corcoran, Plaintiff reviewed the CDCR-1083 Forms, which list an inmate's property, and noticed that the form from CSP-Corcoran did not reflect all of his property, including his typewriter ribbons, cervical pillow, and photos.

Between April and June 2012, Defendants Gallardo, Stoll, and Charlet all brought Plaintiff his tennis shoes and beanie on separate occasions, but refused to provide them to him after he complained that he was not in receipt of all of his allowable property (such as his books, magazines, sweatshirt, glasses, and cervical pillow) and that the Form 1083 failed to reflect all of his property.

Defendants Banuelos, Gallardo, Stoll, Hernandez, and Charlet failed to locate his missing property, which resulted in it being destroyed (including books, magazines, a CD and CD player, headphones, AC Adapter, cable splitter, tumblers, glasses, clothes, tennis shoes, beanie, deodorant, color pencils, typewriter and ribbon, and photos).

Plaintiff filed interview and grievance forms regarding his property; on many he never received responses.  However, the following Defendants retaliated against Plaintiff for filing the grievances.

Defendant Banuelos responded to an interview request by falsely informing Plaintiff he had refused his property, refused to sign a form for its disposal, and that Plaintiff's appliances were "operational."  (ECF No. 9 at 9.)

Defendant Hernandez interviewed Plaintiff regarding one of his property grievances.  He brought Plaintiff his cervical pillow, but refused to accept his postage for mailing his non-allowable property home.   Defendant Hernandez denied Plaintiff a witness, defended the disposal of his property, and falsified his report.

Defendants Parra, Cribbs, and Harrison failed to process all of his grievances and/or return them to him.

Plaintiff seeks monetary damages against Defendants for their violation of his First, Fifth, and Fourteenth Amendment rights.

## IV.   ANALYSIS

### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was

violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  *Id.*

### A.    Official Capacity

Plaintiff sues Defendants in their individual and official capacities.  Plaintiff may not bring suit for monetary damages against Defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Therefore, Plaintiff's claims against Defendants in their official capacities are dismissed without leave to amend.

### B.    Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Prisoners have a protected interest in their personal property.  *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974).  An authorized, intentional deprivation of property may be actionable under the Due Process Clause.[1]  *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984)

---

[1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

4

(*citing Logan*, 455 U.S. at 435–436); *See also Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985).  However, authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533.  There is an adequate post-deprivation remedy under California law.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (*citing* Cal. Gov't Code §§ 810-895).

Here, Plaintiff does not specify whether the alleged deprivation of his property was authorized.  Nor do the allegations suggest Defendants engaged in conduct so serious as to implicate Plaintiff's substantive due process rights, *i.e.* conduct that is prohibited regardless of available post-deprivation remedies.  *See Wood v. Ostrander*, 879 F.2d 583, 588–89 (9th Cir.1989) (the "post-deprivation rule" does not apply to claims alleging a deprivation of a right guaranteed by the substantive Due Process Clause).

If Plaintiff chooses to amend, he must allege facts showing an authorized deprivation of property not reasonably related to a legitimate penological interest.

### C.    Appeals Process

Plaintiff complains of the manner in which Appeals Coordinators Harrison, Parra, and Cribbs processed his grievances.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  *Id.*  Liberty interests may arise from the Due Process Clause or from state law. *Id.*

Prisoners have no stand-alone due process rights related to the administrative grievance process.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Failing to properly process a grievance or denying a grievance does not constitute a due process violation.  *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has not stated a cognizable due process claim against Defendants Harrison, Parra, and Cribbs for their handling of his grievances.  Since no such rights exist relative to the administrative grievance process, leave to amend would be futile and is denied.

### D.    Retaliation

"[P]risoners have a First Amendment right to file prison grievances" and to be free from retaliation for exercising this right.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  There are five elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes*, 408 F.3d at 567-68.

Plaintiff alleges that Defendants Banuelos, Hernandez, Harrison, Parra, and Cribbs retaliated against him for filing his property grievances by writing false reports, failing to properly process his grievances, and destroying his property.  However, Plaintiff fails to plead any facts to draw a causal connection between Defendants' actions and his filing of grievances that would lead one to infer their actions were done in retaliation.

*See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (prison officials' retaliatory motives may be established by raising issues of suspect timing, evidence, and statements); *see also Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").   Additionally, Plaintiff has not alleged that Defendants' actions chilled his exercise of his First Amendment rights or that their actions did not reasonably advance a legitimate correctional goal.

Plaintiff will be granted leave to amend to allege true facts supporting these elements.   In so doing, Plaintiff should set forth other facts, statements, or events, if any, that gave rise to or immediately preceded Defendants' conduct and what, if any, justification was given for their conduct to suggest a retaliatory motive.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.   The Court will grant Plaintiff an opportunity to file an amended complaint.   *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).   Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.   As a general rule, an "amended complaint supersedes the original" complaint.   *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.   Here, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.   Plaintiff's amended complaint should be brief.   Fed. R. Civ. P. 8(a).   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's First Amended Complaint (ECF No. 9.) is DISMISSED for failure to state a claim upon which relief may be granted;

2.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed First Amended Complaint filed October 7, 2013;

3.    Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).   *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 6, 2015            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

8